**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

FILED BY _____ D.C.

05 OCT 14 PM 3: 40

UNITED STATES OF AMERICA

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

-v-                                                          2:02-cr-20236-01-D

**LEONARDO SANDERS**

**Joe Holloman, Retained**
**Defense Attorney**
**107 North State Street,**
**P.O. Box 22683**
**Jackson, MS 39225-2683**

## A-M-E-N-D-E-D* JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 thru 3 of the Indictment on February 24, 2004. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with the Intent to Distribute Cocaine | 03/29/2002 | 1 |
| 18 U.S.C. § 924(c) | Carry and Use of a Firearm during and in Relation to a Drug Trafficking Crime | 03/29/2002 | 2 |
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm | 03/29/2002 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 11/10/1973
Deft's U.S. Marshal No.:   15237-076

Date of Imposition of Original Sentence:
May 27, 2004

Date of Imposition of Amended Sentence
October, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FHCrP on _____

Case No: 2:02cr20236-01-D   Defendant Name: Leonardo Sanders

Defendant's Mailing Address:
3577 Hillridge
Memphis, TN 38109

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

October__14__, 2005

Case No: 2:02cr20236-01-D    Defendant Name: Leonardo Sanders          Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a ***TOTAL TERM OF 57 MONTHS.***

The Court recommends to the Bureau of Prisons:
*1.  The defendant participate in the 500 hr Drug Treatment Program.*
*2.  The defendant be designated to a facility as close to Memphis, TN as possible.*

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 2:02cr20236-01-D   Defendant Name: Leonardo Sanders                   Page 4 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

# STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5.  The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

Case No: 2:02cr20236-01-D   Defendant Name: Leonardo Sanders                    Page 5 of 6

10.     The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a
        law enforcement officer;

11.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law
        enforcement agency without the permission of the court;

12.     As directed by the probation officer, the defendant shall notify third parties of risks that may be
        occasioned by the defendant's criminal record or personal history or characteristics, and shall permit
        the probation officer to make such notifications and to confirm the defendant's compliance with such
        notification requirement.

13.     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release
        that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set
        forth in the Criminal Monetary Penalties sheet of this judgment.

## *ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

        The defendant shall also comply with the following additional conditions of supervised
release:

1.      The defendant shall participate as directed in a program (outpatient and/or inpatient)
        approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol
        dependency which may include testing for the detection of substance use or abuse. Further,
        the defendant shall be required to contribute to the costs of services for such treatment not
        to exceed an amount determined reasonable by the Probation Officer.

2.      The defendant shall participate as directed in a program of mental health treatment
        approved by the Probation Officer. Further, the defendant shall be required to contribute to
        the costs of services for such treatment not to exceed an amount determined reasonable
        by the Probation Officer based on ability to pay or availability of third party payment and in
        conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.      The defendant shall seek and maintain full-time lawful employment.

4.      The defendant shall report his employment to the Probation Office.

5.      *The defendant shall cooperate with DNA collection as directed by the Probation Office.

Case No: 2:02cr20236-01-D   Defendant Name: Leonardo Sanders

Page 6 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

**Total Assessment**       **Total Fine**       **Total Restitution**

$300.00

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 2:02-CR-20236 was distributed by fax, mail, or direct printing on October 17, 2005 to the parties listed.

---

Joe M. Hollomon
LAW OFFICE OF JOE M. HOLLOMON
P.O. Box 22683
Jackson, MS 39225--268

Stuart J. Canale
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT